UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


ARACELY HERNANDEZ,

    Plaintiff,

    v.

D. CLOUTIER, FCS; CAPT.
MCCORKHILL; CAPT. BRUINS;
CPL. KAISER; CPL. JORDAN;
COFFEE CREEK CORRECTIONAL
FACILITY,

    Defendants.

Case No. 3:18-cv-0433-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

    Plaintiff, an inmate at the Coffee Creek Correctional Facility (CCCF), filed suit under 42 U.S.C. § 1983. Plaintiff alleges that she was sexually assaulted by a prison employee and that prison officials failed to investigate her complaints and retaliated against her. Defendants now move for summary judgment on grounds that plaintiff failed to exhaust her administrative remedies under the Prison Litigation Reform Act (PLRA) and failed to file a timely tort claim notice under the Oregon Tort Claims Act (OTCA). For the reasons explained below, defendants' motion is granted.

1    - OPINION AND ORDER

DISCUSSION

Plaintiff alleges that on or around March 16, 2016, she was sexually assaulted by defendant Cloutier, a food services coordinator, in a walk-in cooler at CCCF. Compl. at 4-6 (ECF No. 2). Plaintiff alleges that her complaints about the assault were ignored, and that Cloutier and several other defendants retaliated against her and threatened her with discipline if she continued to complain. *Id.*; *see also* Pl.'s Response (ECF No. 26). Plaintiff alleges that defendants' conduct violated her rights under the federal constitution and state law. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (reiterating that prisoners have an Eighth Amendment right to be free from sexual abuse).

Defendants move for summary judgment on grounds that plaintiff failed to exhaust her administrative remedies through the available grievance process and failed to submit a timely tort claim notice. To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

A. <u>Federal Law Claims</u>

Under the PLRA, an inmate must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted."). The exhaustion requirement is "mandatory" and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 93-95 (2006).

Although the exhaustion requirement is mandatory, it is not absolute. If the defendant shows that the prisoner did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (citation omitted). This burden is met when a prisoner shows that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless prevented or interfered with the prisoner's efforts. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

The Oregon Department of Corrections (ODOC) employs a three-step grievance and appeal process. Or. Admin. R. 291-109-0140. Inmates may file grievances for a variety of issues, including "unprofessional behavior" and sexual contact between an inmate and an ODOC employee. *Id.* 291-109-0140(2)(c),(g). Generally, the inmate must file a grievance within thirty days of the alleged condition or incident. *Id.* 291-109-0150(2). However, ODOC imposes no deadline for grievances alleging sexual assault. *Id.* 291-109-0175(4) ("There is no time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse.").

If a grievance is accepted and a response is provided, the inmate may appeal the response within fourteen calendar days from the date the response was sent to the inmate. Or. Admin. R. 291-109-0170(1)(b). If the appeal is denied, the inmate may file a second appeal within fourteen

3   - OPINION AND ORDER

days of the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal is final and not subject to further review. *Id.* 291-109-0170(2)(f).

In this case, plaintiff filed one grievance regarding the alleged assault and threats of disciplinary sanctions: Grievance CCCF-2017-10-005, dated September 27, 2017. Arrington Decl. ¶ 19 & Ex. 5 at 1-3 (ECF No. 24). Plaintiff described the alleged assault by Cloutier and explained she did not file a grievance earlier because she had called the Inspector General and had been waiting for a response for "many months." *Id.* Ex. 5 at 1-3. Plaintiff also alleged, "I've been threatened that if I speak of this matter I would get a [disciplinary report] and sent to the hole." *Id.* Ex. 5 at 2. Regarding the action she wanted taken, plaintiff stated, "I plan on prosecuting this matter to the fullest and intend to recover from my loss." *Id.* Ex. 5 at 1.

On October 4, 2017, plaintiff's grievance "was accepted and sent for a response." Arrington Decl. Ex. 5 at 4. On October 9, 2017, Capt. Rasmussen responded to the grievance and stated that plaintiff's allegations against Cloutier had been referred to the Oregon State Police and Cloutier no longer worked at CCCF. *Id.* ¶ 20 & Ex. 5 at 5. Plaintiff did not file an appeal to this response. *Id.* ¶¶ 21, 23.

Based on this evidence, defendants have shown that plaintiff did not exhaust the available ODOC grievance process. Plaintiff does not dispute the fact that she did not appeal Capt. Rasmussen's response to her grievance. Accordingly, the burden shifts to plaintiff to show that something in her particular case "made the existing and generally available administrative remedies effectively unavailable" to her. *Albino*, 747 F.3d at 1172.

In response to defendants' motion, plaintiff asserts several arguments. First, plaintiff alleges that she did not file timely grievances against the defendants who ignored her complaints and warned her to remain silent because she had been threatened with disciplinary sanctions if

4  - OPINION AND ORDER

she mentioned Cloutier's abuse. Pl.'s Response at 8-9, 12-13. However, plaintiff raised the issue of disciplinary threats in her grievance, and plaintiff's grievance was accepted and forwarded for a response. Defendants do not argue that plaintiff's complaints were untimely; they argue that she failed to exhaust her complaints through the prison grievance process.

Second, plaintiff suggests that the grievance process was not explained to her, and she was unsure whether she could file a grievance for these issues. Pl.'s Response at 11-12, 17-18. However, plaintiff did grieve these issues, and she concedes that grievance instructions are included with the grievance form. Pl.'s Response at 19. The instructions expressly state that an inmate may grieve the "lack of an administrative directive or operational procedure"; "any unprofessional behavior or action which may be directed toward an inmate"; and "[s]exual contact, solicitation or coercion between" an ODOC employee and an inmate. *Id.* Ex. 9; Arrington Decl. Ex. 2; *see also* Or. Admin. R. 291-109-0140(2)(b),(c),(g). Moreover, defendants emphasize that plaintiff has filed numerous grievances while in ODOC custody and is familiar with the process. *See* Arrington Decl. Ex. 4.

Third, plaintiff argues that the exhaustion requirement does not apply to her claims, because she seeks compensatory and punitive damages that are not available through the administrative grievance process. Pl.'s Response at 12-13. However, the United States Supreme Court has soundly rejected this argument. "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures").

Fourth, plaintiff argues that she had nothing to appeal because her grievance was "accepted" by defendants. When a grievance is "accepted," it is simply sent to the appropriate ODOC official for a response rather than returned to the inmate for corrections. *See* Or. Admin. R. 291-109-0160, 291-109-0170(c). Plaintiff did not appeal Capt. Rasmussen's response to indicate that she was dissatisfied with it or that she sought further action in response to her complaint. *See Porter*, 534 U.S. at 525 (explaining that the purpose of exhaustion is to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case" and reasoning that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation").

Finally, plaintiff argues that she did not file grievances regarding the alleged retaliation by defendants Cloutier, Jordan, and Kaiser, because their conduct resulted in misconduct reports and inmates may not grieve misconduct reports or disciplinary findings. Pl.'s Response at 22; *see also* Or. Admin. R. 291-109-0140(3)(e). However, an inmate may grieve "unprofessional behavior" such as retaliation, and plaintiff asserted the alleged threats of disciplinary action in her grievance. Or. Admin. R. 291-109-0140(2)(c).

In sum, plaintiff fails to establish that the grievance process was effectively unavailable to her, and her federal claims are barred for the failure to exhaust.

B. <u>State Law Claims</u>

Defendants also move for summary judgment on plaintiff's state law claim on grounds that she failed to file a timely notice of tort claim. Under the OTCA, a plaintiff who seeks to bring claims against a public employee must first file a notice of tort claim within 180 days of the alleged loss or injury. *See* Or. Rev. Stat. § 30.275(1) ("No action arising from any act or

omission of a public body or an officer, employee or agent of a public body…shall be maintained unless notice of claim is given as required by this section"); *see id.* § 30.275(2)(b) (notice must be given within 180 days). Plaintiff concedes that she did not file a tort claim notice until February 2018, well beyond the 180-day time limit.

Plaintiff maintains that she "was waiting for the investigation to end" and she does not "know much about the OTCA." Pl.'s Response at 25. However, the notice requirement is a "mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act." *Urban Renewal Agency v. Lackey*, 275 Or. 35, 40, 549 P.2d 657 (1976). Thus, plaintiff's explanation does not excuse her failure to file a timely tort claim notice, and she cannot pursue her state law claims.

### C. Request for Emergency Injunctive Relief

In her response to defendants' motion, plaintiff asks this Court to intervene in her housing situation. Plaintiff alleges that in March 2019, she was moved from a single cell to a "handicap cell with another inmate who weigh[s] about 450 lbs and due to her weigh[t] problem has to get naked completely to tend to her own [hygiene] ritual on a daily basis." Pl.'s Response at 24. Plaintiff makes the conclusory allegation that her transfer to this cell was retaliatory.

Plaintiff does not allege this claim in her Complaint, and it is not properly before this Court. Regardless, plaintiff fails to show the likelihood of either irreparable harm or success on merits to warrant "emergency" court intervention. *Winters v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

## CONCLUSION

Plaintiff did not exhaust her available administrative remedies, and her claims are barred under the PLRA and the OTCA. Accordingly, defendants' Motion for Summary Judgment (ECF No. 21) is GRANTED and this case is DISMISSED.

DATED this 24th day of June 2019.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI<br>
United States Magistrate Judge