UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ARACELY HERNANDEZ, | Case No. 3:18-cv-0433-MK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| D. CLOUTIER, FCS; CAPT. MCCORKHILL; CAPT. BRUINS; CPL. KAISER; CPL. JORDAN; COFFEE CREEK CORRECTIONAL FACILITY, | |
| Defendants. | |

KASUBHAI, Magistrate Judge:

      Plaintiff, an inmate at the Coffee Creek Correctional Facility (CCCF), filed suit under 42 U.S.C. § 1983 and alleged that defendant Cloutier sexually assaulted and retaliated against her and the other named defendants failed to protect her from assault. Plaintiff subsequently dismissed her claims against Cpl. Kaiser, Cpl. Jordan, and CCCF.

1  - OPINION AND ORDER

Defendants move for partial summary judgment on plaintiff's claims against Capt. McCorkhill and Capt. Bruns. The parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 626(c). For the reasons explained below, defendants' motion is granted.

DISCUSSION

Plaintiff alleges that on or around March 16, 2016, she was sexually assaulted by defendant Cloutier, a food services coordinator, in a walk-in cooler at CCCF. Compl. at 4-6 (ECF No. 2). Plaintiff further alleges that Capt. McCorkhill and Capt. Bruns knew and disregarded the risk to her safety and were indifferent to her complaints about the assault.

Defendants move for partial summary judgment on grounds that plaintiff improperly relies on the theory of respondeat superior to support her claims and presents no evidence suggesting that Capt. McCorkhill and Capt. Bruns were deliberately indifferent to a known risk of assault.[1] To prevail on their motion, Capt. McCorkhill and Capt. Bruns must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Sexual assault of an inmate by a corrections employee is a violation of the Eighth Amendment, and prison officials may be held liable under § 1983 for their failure to protect inmates from sexual assault. *Wood v. Beauclair*, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most

---

[1] Defendants also argue that plaintiff failed to exhaust her administrative remedies with respect to her claim against Capt. McCorkhill. Plaintiff's claim fails on the merits and I need not address the issue of exhaustion.

2   - OPINION AND ORDER

absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established"). To sustain a claim for failure to protect, the prisoner must show that prison officials were deliberately indifferent to the risk of assault, i.e., the officials "knew that the victim faced a substantial risk of serious harm and they disregarded that risk by failing to take reasonable measures to abate it." *Schwenk*, 204 F.3d at 1197 (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). This requirement is subjective, in that the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff fails to present facts plausibly suggesting that either Capt. McCorkhill or Capt. Bruns knew and disregarded a substantial risk of serious harm posed by Cloutier.

During her deposition, plaintiff testified that Capt. McCorkhill should be held liable because he "covered up" for Cloutier after plaintiff told him about the March 2016 assault. Beck Decl. Ex. 1 at 2 (pp. 40-41 of deposition). Plaintiff further contends that in February 2016, she told Capt. McCorkhill about an incident where Cloutier "stared" at inmates' buttocks while they were cleaning the floor; Capt. McCorkhill apparently asked plaintiff to provide the date and time of the incident in order to review video footage. Pl.'s Resp. at 3-4 (ECF No. 76). Plaintiff seeks to hold Capt. Bruns liable as a "higher up" official who failed to adequately supervise staff or address an alleged culture of sexual harassment. Beck Decl. Ex. 1 at 7-9 (pp. 48-50 of deposition). Plaintiff also alleges that in February 2016, Capt. Bruns placed a "gag order" on her and forbid her from talking about Cloutier's alleged sexual assault. Pl.'s Resp. at 4. Finally, plaintiff cites several incidents of sexual misconduct and assault by CCCF employees that allegedly occurred from 2008 to 2016 and argues that this evidence shows Capt. McCorkhill and Capt. Bruns were aware of problems with sexual misconduct at CCCF. *Id.* at 17-20.

3    - OPINION AND ORDER

Plaintiff's evidence does not suggest that the risk of inmate sexual assault by CCCF employees was so pervasive as to be "obvious" or that Cloutier had a known and documented history of inappropriate sexual conduct towards inmates. Plaintiff thus fails to show that Capt. McCorkhill and Capt. Bruns had the subjective state of mind necessary to establish deliberate indifference. *See Farmer*, 511 U.S. at 842-43 (explaining that evidence "showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" and that the defendant "had been exposed to information concerning the risk…could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.").

Plaintiff's isolated complaint about Cloutier "staring" at inmates in February 2016 is insufficient to raise a plausible inference that Capt. McCorkhill knew Cloutier was potentially dangerous and at risk of sexually assaulting inmates. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (to meet the deliberate indifference standard, the official must "have more than a mere suspicion that the attack will occur") (citations omitted). Further, the fact that plaintiff told Capt. McCorkhill about Cloutier's alleged assault *after* it occurred does not show that Capt. McCorkhill was deliberately indifferent to any risk posed by Cloutier *before* the assault. *See Wood*, 692 F.3d at 1051 (upholding summary judgment on a failure to protect claim where the plaintiff "never disclosed" the misconduct to prison officials until after the incidents occurred and presented "no evidence that the supervisory defendants were on notice" that the alleged perpetrator "presented a substantial risk").

Similarly, Capt. Bruns's so-called gag order does not establish deliberate indifference to plaintiff's safety. According to documents submitted by plaintiff, in February 2016, before the alleged sexual assault occurred, Capt. Bruns questioned plaintiff about rumors of a romantic

4   - OPINION AND ORDER

relationship between her and Cloutier. Pl.'s Resp. Ex. 4 (ECF No. 76 at 44). Plaintiff denied spreading such rumors and told Capt. Bruns that "she never said anything like that to anyone" and simply told other inmates that Cloutier "looked like someone she had dated on the outside." *Id.* Capt. Bruns nonetheless directed plaintiff to refrain from telling other inmates that she and Cloutier had a previous relationship "on the outside." *Id.* This incident and Capt. Bruns's directive does not suggest that Capt. Bruns knew of and disregarded a risk posed by Cloutier.

Finally, plaintiff cannot pursue claims against Capt. McCorkhill or Capt. Bruns based on their supervisory status. It is well established that a supervisor may not be held liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no participation by Capt. McCorkhill or Capt. Bruns in the alleged deprivation of her rights and, for the reasons explained above, plaintiff presents no credible evidence that either defendant disregarded a known risk of inmate sexual assault.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment (ECF No. 64) is GRANTED and plaintiff's claims against Capt. McCorkhill and Capt. Bruns are DISMISSED with prejudice.

Within 45 days from the date of this Order, the parties shall confer and submit a status report regarding plaintiff's remaining claims against defendant Cloutier and inform the Court whether they seek to pursue settlement efforts or set a trial date.

DATED this 2nd day of May 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge